UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA -WESTERN DIVISION

| | |
|---|---|
| DEAN CRISP, | ) CASE NO. CV 04-3398 (SH) |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

  This matter is before the court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which

1

authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the Defendant have filed their pleadings, the Defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the court concludes that the decision of the Commissioner should be reversed and the case remanded for a reasoned determination as to whether or not Plaintiff's request for a hearing was timely filed.

On September 7, 2001, Plaintiff Dean Crisp ("Plaintiff") filed an application for disability insurance benefits. (Joint Stipulation at 2). On April 11, 2002, the Commissioner of Social Security ("Defendant") denied the application. (Defendant's Motion to Dismiss ("Def.'s Mot.") at 2). Plaintiff subsequently filed for reconsideration. (Id.). In a Notice of Reconsideration dated November 26, 2002, Plaintiff's claim was again denied, and he was advised that if he disagreed with the decision, (1) he had 60 days to request a hearing before an Administrative Law Judge ("ALJ"), and (2) the 60-day period would run from the day after he received the notice (presumed to be the fifth day after the date given on the notice). (Id.).

On February 6, 2003, the Lancaster District Social Security Office ("District Office") received Plaintiff's request for hearing, dated February 3, 2003. (Id., Ex. 2). A district office representative marked the request as timely, having been received within 65 days of the reconsidered determination. (Id.). However, on July 1, 2003, Plaintiff received a letter from the ALJ assigned to his case, notifying him that his request for a hearing had been untimely filed, but that he would be afforded 15 days in which he could submit a statement showing good cause for filing late. (Id., Ex. 3). On July 7, 2003, Plaintiff's then counsel sent the ALJ a copy of a letter dated February 3, 2003, which had purportedly been submitted to the District Office at the time Plaintiff had requested a hearing. (Id., Ex. 4). In the

2

letter, Plaintiff's counsel stated that he hoped Plaintiff's request for a hearing would be processed, since he believed that he had "good cause for late filing." (Id.).

On August 11, 2003, the ALJ issued a notice of dismissal, holding that Plaintiff's request for a hearing had been untimely filed, and that Plaintiff had failed to show good cause to warrant extending the time for filing. (Id., Ex. 5). On August 22, 2003, Plaintiff timely requested that the Appeals Council review the ALJ's decision dismissing his request for a hearing. (Id., Ex. 6). On March 17, 2004, the Appeals Council denied Plaintiff's request for review. (Id., Ex. 7). In its Notice of Appeals Council Action, the Council stated that the final day upon which Plaintiff could have timely filed his request was Friday, January 31, 2003, and that his filing on Monday, February 3, 2003 was untimely. (Id.). The Council, like the ALJ, made no mention of the fact that the request had been marked as timely by the District Office representative who initially received it.

According to Defendant in this matter, the issue before the court is whether the court has subject-matter jurisdiction to review a discretionary agency decision, namely an ALJ's decision not to extend the time for filing for a claimant whose request for a hearing was untimely filed. Defendant argues, and on good authority, that neither an ALJ's decision not to extend the time for filing, nor an ALJ's dismissal of a request for a hearing that has been untimely filed, constitute a "final decision" reviewable by this court. (Joint Stipulation at 5-6).

The court, however, disagrees with Defendant's characterization of the issue. Rather, the court finds that the proper characterization of the issue is whether the Appeals Council fulfilled its obligation under 20 C.F.R. § 404.970 to review conclusions of an ALJ that are not supported by substantial evidence.[1]  For the

---

[1] The provision states in relevant part:

3

reasons given below, the court finds that there is a significant question as to whether the ALJ's conclusion that Plaintiff's request was untimely was supported by substantial evidence.

Defendant argues two facts as constituting substantial evidence supporting the ALJ's conclusion: (1) that the notation made by the District Office representative is "patently incorrect" based on the ALJ and Defendant's calculations of dates, and (2) that Plaintiff's former counsel acknowledged that the hearing request was filed late.

Addressing the former fact first, Defendant argues that "the fact that the [] District Office *incorrectly* noted that Plaintiff's hearing request was received within 65 days of the reconsideration denial did not preclude the ALJ from determining the timeliness issue." (Joint Stipulation at 9) (emphasis added). Defendant's assertion that the District Office incorrectly marked Plaintiff's request, is conclusory and cannot be accepted as fact unless supported by substantial evidence. In order to establish that the notation was incorrect, the ALJ would have had to (1) determine the appropriate method for calculating the filing deadline, and (2) calculate the deadline.

Satisfaction of this first requirement is essential where, as here, there is a discrepancy as to which method of calculating the filing deadline should be

---

(a)  The Appeals Council will review a case if-
   (1) There appears to be an abuse of discretion by the administrative law judge;
   (2) There is an error of law;
   (3) *The action, findings or conclusions of the administrative law judge are not supported by substantial evidence*; or
   (4) There is a broad policy or procedural issue that may affect the general public interest.
20 C.F.R. § 404.970 (emphasis added)

applied, and where neither party has presented authority to recommend one method over another. For instance, one method of calculation, apparently employed by the ALJ, would be to count 65 calendar days from the day after the date of the Notice of Reconsideration, without regard to holidays or weekends. This method yields a filing deadline date of January 30, 2003.[2] Another method, apparently employed by the Appeals Council, is to count 65 calendar days from the day after the date of the Notice, but to exclude the Thanksgiving holiday from the 5-day count establishing the presumed date of receipt. This method yields a filing deadline date of January 31, 2003.[3] Yet another method, indicated in one of Defendant's papers, is to count 65 calendar days from the date of the Notice, but exclude holidays and weekends. (Def.'s Response to April 20, 2005 Minute Order at 3). According to Defendant, this method yields a filing deadline date of January 31, 2003. (Id.). However, according to the court's calculations, counting non-holiday, weekdays from the date of the Notice yields a deadline date sometime in March. Further, presuming Defendant's method was intended to exclude only Thanksgiving, Christmas, and New Year's Day as "holidays," and only Sundays as "weekends," the court's calculations yield a deadline date of February 13, 2003. Thus, if this last method were applied, Plaintiff's request would have been timely, having been received by the District Office on February 6, 2003.

This court does not presume to recommend one of these various calculation methods over another; rather, the comments above are merely intended to highlight

---

[2] It appears from the August 11, 2003 letter dismissing Plaintiff's claim as untimely, that the ALJ employed this method given that he gives January 30, 2003 as the 65th day. (Def.'s Mot., Ex. 5)

[3] In its March 17, 2004 Notice of Appeals Council Action, the Council calculates the date of presumed receipt as December 2, 2003, apparently excluding Thanksgiving day from the five-day count given that no mail was delivered on that day. (Def.'s Mot., Ex. 7).

5

the significantly different methods noted and/or applied in the record.  Given the ambiguity surrounding the appropriate method for calculating the filing deadline, and given that the ALJ offered little explanation to support his conclusion that Plaintiff's filing was untimely, the court cannot accept Defendant's argument as constituting "evidence as a reasonable mind might accept as adequate to support a conclusion." (*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Further, with regard to Defendant's reliance on Plaintiff's former counsel's admission of lateness, this reliance is misguided and cannot stand as substantial evidence supporting the ALJ's conclusions.  First, Plaintiff's former counsel was as likely to suffer from human error as the District Office representative, whom Defendant contends mistakenly marked Plaintiff's request as "timely."  It would be inequitable indeed to accept Defendant's unsupported assertion that the representative's "timely" notation was the result of human error, while refusing to accept that Plaintiff's former counsel's statements regarding the lateness of Plaintiff's request potentially resulted from human error.  Moreover, the discussion above highlights the confusion surrounding the correct calculation of the filing deadline, and fairly raises the possibility that Plaintiff's former counsel may have been confused as to which method of calculation to apply.  Consequently, the court finds that Plaintiff's former counsel's statements do not constitute substantial evidence.

For the foregoing reasons, the court finds that the Appeals Council erred in refusing to review the ALJ's conclusion regarding the timeliness of Plaintiff's request for a hearing, given that the ALJ's conclusions were not based upon substantial evidence.  Accordingly, the Commissioner's decision is reversed and the matter remanded for a  reasoned determination and the taking of necessary

evidence regarding whether or not Plaintiff's request for a hearing was timely filed. The ALJ shall determine, first, the correct method for calculating the 65-day period, and second, the correct deadline date.

DATED: October 25, 2005

_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE